# IN THE UNITED STATES DISTRICT COURT
# EARLSN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**JACOB THOMAS EARLS**                                                              **PLAINTIFF**

**v.**                            **No: 3:22-cv-00033-LPR-PSH**

**ROBERT CASE,** *et al.*                                               **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Jacob Thomas Earls filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on February 10, 2022 (Doc. No. 2).[1] Earls was subsequently granted *in forma*

---

[1] In its initial order to Earls, the Court notified him of his duty to promptly notify the Clerk and the parties of any change in his address. The Court also notified Earls that if any communication from the Court to him is not responded to within 30 days, his case may be dismissed without prejudice. *See* Doc. No. 4.

*pauperis* status (Doc. No. 4), and his amended complaint was served on defendants Steve Franks and Brianna Foster (the "Defendants") (Doc. No. 12).

On January 26, 2023, the Defendants filed a motion to dismiss Earls' complaint, asserting that they have been unable to serve correspondence on Earls at his last known address, the Greene County Detention Facility (Doc. No. 32). Defendants provided an affidavit of attempted service (Doc. No. 34). The Court entered a text order the same day directing Earls to respond to the Defendants' motion to dismiss within 30 days (Doc. No. 35). Earls was warned that should he fail to respond, the Court would decide the Defendants' motion without his input. A printed version of the text order was sent to him at his last known address. The Court's January 26 order could not be delivered to Earls, and the envelope was returned to the Clerk of the Court and entered on the docket. Doc. No. 36. The returned envelope contains the words "not here." *Id.*

More than 30 days have passed, and Earls has not complied or otherwise responded to the January 26 order. Earls also failed to respond to the Defendants' motion to dismiss. Earls failed to notify the Clerk and the other parties to the proceedings of a change in his address as required by Local Rule 5.5(c)(2) and this Court's Initial Order for *Pro Se* Prisoner-Plaintiffs (Doc. No. 4). Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2). *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir.

1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that the Defendants' motion to dismiss (Doc. No. 32) be granted and that Earls' complaint and amended complaint (Doc. Nos. 2 & 5) be dismissed without prejudice.

DATED this 3rd day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE